UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MARJORIE R. GREGORY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-1112 RLM |
| | ) | |
| BIOMET, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

This cause is before the court on plaintiff Marjorie Gregory's motion to enforce what she believes to have been a settlement agreement. Ms. Gregory says the facts of her case establish that she qualifies for a settlement award: she had a Magnum implanted on March 4, 2008; she underwent revision surgery on January 8, 2014 to remove the Magnum; and she filed her complaint on April 14, 2014, before the April 15 deadline set forth in paragraph 1 of the Settlement Agreement. Ms. Gregory maintains those facts confirm that she qualifies under paragraph 2(a) of the Settlement Agreement for a base compensation award, subject to a discount under paragraph 2(b)(1). Ms. Gregory claims Biomet has wrongfully refused to pay her and has no "good cause" for contesting her claim. She asks that the court order Biomet to pay her the sum to which she is entitled.

Biomet says the parties never reached a meeting of the minds on the settlement value of Ms. Gregory's case. Noting that the first step under paragraph

2(d) of the Settlement Agreement for settling a case is categorization of the case by the plaintiff and by Biomet, Biomet says it disagreed with Ms. Gregory's categorization of her case and provided her counsel with its analysis. Counsel communicated via email and phone, but couldn't resolve their differences. Biomet says Ms. Gregory rejected Biomet's offer of settlement, so no binding agreement exists for the court to enforce.

Ms. Gregory says in reply that Biomet didn't timely notify her counsel that it was contesting the value of her case. She says she received notification from Biomet in January 2015, long after the notification deadline of September 5, 2014. Ms. Gregory claims that because Biomet's notification was untimely, Biomet waived its right to contest the value of her case. Ms. Gregory also claims the late response wrongfully deprived her of the mediation remedy, which left her with the sole remedy of filing a motion to enforce settlement. Ms. Gregory concludes that the court should order Biomet to pay her the amount she requests or mediate her case.

Whether Biomet had "good cause" to contest Mrs. Gregory's categorization of her case is an issue for a mediator to decide, not the court. Paragraph 2(d) of the Settlement Agreement specifically provides that "[a]ll cases where the parties disagree as to the value will be mediated in accordance with Paragraph 3." Biomet says that when it contested Ms. Gregory's categorization of her case, she should

have proceeded to mediation; a motion asking this court to enforce settlement isn't the proper vehicle for resolving this dispute.

Biomet's interpretation is the same as mine in other cases in this MDL: a dispute over the amount a plaintiff is to receive must go to mediation before it comes before me. Paragraph 3(b) of the Settlement Agreement gives Biomet the right to contest any case if the company "believes that there is good cause to reduce the amounts to be paid on cases that qualify for payments." MSA, ¶ 3(b). While Ms. Gregory claims Biomet lacked good cause to challenge her case and reduce the amount she was to be paid, "good cause" under paragraph 3(b) is subjective, rather than objective, and isn't limited to the examples set out in that paragraph.

Under the terms of the Settlement Agreement, Ms. Gregory's case fell in the "contested cases" category once Biomet disagreed with her categorization of her claim. Ms. Gregory then had two options – mediate her claim or proceed to trial on the merits. The court DENIES Marjorie Gregory's motion to enforce settlement [docket # 26] and strongly encourages the parties to determine which option is best for all involved, *i.e.*, mediation or agreeing to a settlement award.

SO ORDERED.

ENTERED:   April 23, 2015

/s/ Robert L. Miller, Jr.
Judge, United States District Court